IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

DANIEL ALMENDAREZ YVANEZ,　§
TDCJ #781375,　　　　　　　　　§
　　　　　　　　　　　　　　　　§
　　　　　Plaintiff,　　　　　　§
　　　　　　　　　　　　　　　　§
v.　　　　　　　　　　　　　　　§　　CIVIL ACTION NO. H-19-0720
　　　　　　　　　　　　　　　　§
WARDEN BILL LEWIS, et al.,　　§
　　　　　　　　　　　　　　　　§
　　　　　Defendants.　　　　　 §

## MEMORANDUM OPINION AND ORDER

State inmate Daniel Almendarez Yvanez (TDCJ #781375) has filed a Prisoner's Civil Rights Complaint under 42 U.S.C. § 1983 ("Complaint") (Docket Entry No. 1), regarding his confinement in the Texas Department of Criminal Justice - Correctional Institutions Division ("TDCJ"). Because Yvanez is a prisoner who proceeds in forma pauperis, the court is required to scrutinize the claims and dismiss the Complaint, in whole or in part, if it determines that the Complaint "is frivolous, malicious, or fails to state a claim upon which relief may be granted" or "seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); 28 U.S.C. § 1915(e)(2)(B). After considering all of the pleadings, the court concludes that this case must be dismissed for the reasons explained below.

## I.  Background

Yvanez is presently incarcerated by TDCJ at the Walls Unit in Huntsville.[1]  Public records reflect that he is in custody as the result of convictions on four counts of intoxication manslaughter and one count of intoxication assault that were entered against him on April 14, 1997, in Wharton County Cause No. 12286.[2] Yvanez received concurrent sentences of 40 years' imprisonment for each of the intoxication manslaughter counts, followed by a consecutive term of 10 years for the intoxication assault count.  See Yvanez v. State, No. 13-97-300-CR, 1997 WL 33644292 (Tex. App. — Corpus Christi/Edinburgh Dec. 11, 1997), affirmed as modified by Yvanez v. State, 991 S.W.2d 280 (Tex. Crim. App. 1999).

Yvanez has now filed this civil rights action under 42 U.S.C. § 1983 against Walls Unit Warden Bill Lewis and Wharton County District Clerk Kendra Charbula.[3]  Yvanez appears to contend that he is wrongfully imprisoned because his conviction or the sentences that he received violate "double jeopardy" and the trial court "will not look at the mistake," which has hindered Yvanez's ability

---

[1]Complaint, Docket Entry No. 1, p. 3.   For purposes of identification, all page numbers refer to the pagination imprinted by the court's electronic filing system, CM/ECF.

[2]See  Texas  Department  of  Criminal  Justice  Offender Information,  located  at:  http://offender.tdcj.texas.gov  (last visited March 15, 2019).

[3]Complaint, Docket Entry No. 1, p. 3.

to make parole.[4]  In support of his claim Yvanez presents several

postcards showing that, on November 4, 2015, the Texas Court of

Criminal Appeals dismissed without written order several state

habeas corpus applications filed by Yvanez under Article 11.07,

§ 4(a)-(c) of the Texas Code of Criminal Procedure, which prohibits

subsequent applications that constitute an abuse of the writ.[5]

Arguing that the state courts have wrongfully refused to address

his double jeopardy claim, Yvanez seeks relief in the form of

release from prison.[6]  The court concludes, however, that the

Complaint must be dismissed because Yvanez fails to articulate a

claim upon which relief may be granted under 42 U.S.C. § 1983.

## II.  Discussion

Yvanez sues the defendants under 42 U.S.C. § 1983, seeking

injunctive relief from wrongful conviction and imprisonment.  "To

state a claim under § 1983, a plaintiff must (1) allege a violation

of rights secured by the Constitution or laws of the United States

and (2) demonstrate that the alleged deprivation was committed by

a person acting under color of state law." Lefall v. Dallas Indep.

Sch. Dist., 28 F.3d 521, 525 (5th Cir. 1994) (citations omitted).

Yvanez does not allege facts showing that either of the

---

[4]Id. at 3-4.

[5]Postcards (attached to Complaint), Docket Entry No. 1, pp. 6-10.

[6]Complaint, Docket Entry No. 1, p. 4.

defendants in this case had anything to do with his underlying convictions or his unsuccessful efforts to obtain review in state court. Absent a showing of personal involvement in the alleged constitutional violation, Yvanez does not state a viable claim under § 1983 against Warden Lewis or Ms. Charbula. See Thompson v. Steele, 709 F.2d 381, 382 (5th Cir. 1983) ("Personal involvement is an essential element of a [42 U.S.C. § 1983] cause of action.").

More importantly, to the extent that Yvanez seeks his immediate release from prison, his "sole federal remedy" is to seek a writ of habeas corpus under 28 U.S.C. § 2254. See Preiser v. Rodriguez, 93 S. Ct. 1827, 1841 (1973). The court declines to treat the Complaint as a habeas corpus petition because Yvanez has already sought federal habeas corpus relief from his convictions previously in this district. See Yvanez v. Cockrell, Civil No. H-02-1978 (S.D. Tex.). The district court dismissed the petition in that case with prejudice in a Memorandum and Opinion entered on August 7, 2003, after considering the merits of Yvanez's claims. See id. (Docket Entry No. 10). Yvanez did not appeal that decision.

Under the Antiterrorism and Effective Death Penalty Act (the "AEDPA"), which applies to all habeas corpus petitions filed after its effective date of April 24, 1996, an applicant must obtain authorization from "the appropriate court of appeals" before a district court may consider "a second or successive application" for habeas relief. See 28 U.S.C. § 2244(b)(3)(A). Court records

-4-

reflect that Yvanez recently filed an application for authorization to file a successive petition for habeas relief, attempting to raise a double jeopardy claim, among others, but the Fifth Circuit denied that request on June 21, 2018. See In re: Daniel Almendarez Yvanez, No. 18-20190 (5th Cir. June 21, 2018). As a result, Yvanez's attempt to make an end-run around the prohibition against successive writs is unauthorized.

A prisoner may not circumvent the restrictions against successive petitions found in the federal habeas corpus statutes, e.g., 28 U.S.C. § 2244(b), by filing a civil rights complaint under 42 U.S.C. § 1983. See Preiser, 93 S. Ct. at 1386 ("Congress has determined that habeas corpus is the appropriate remedy for state prisoners attacking the validity of the fact or length of their confinement, and that specific determination must override the general terms of § 1983."); see also Wilkinson v. Dotson, 125 S. Ct. 1242, 1251 (2005) (Scalia, J., concurring) (observing that "a prisoner who wishes to challenge the length of his confinement, but who cannot obtain federal habeas relief because of the statute of limitations or the restrictions on successive petitions ... cannot use the unavailability of federal habeas relief in his individual case as grounds for proceeding under § 1983") (citations omitted). Accordingly, the Complaint will be dismissed with prejudice for failure to state a claim under 42 U.S.C. § 1983.

### III.  Conclusion and Order

Based on the foregoing, the court **ORDERS** as follows:

1.    The Prisoner Civil Rights Complaint under 42 U.S.C.

      § 1983 filed by Daniel Almendarez Yvanez (Docket

      Entry No. 1) is **DISMISSED with prejudice**

2.    The dismissal will count as a "strike" for purposes

      of 28 U.S.C. § 1915(g).

**The Clerk is directed to provide a copy of this Memorandum Opinion and Order to the plaintiff.  The Clerk will also send a copy of this Order to (1) the TDCJ - Office of the General Counsel, Capitol Station, P.O. Box 13084, Austin, Texas, 78711, Fax: 512-936-2159; and (2) the Three Strikes List at Three_Strikes@txs.uscourts.gov.**

**SIGNED** at Houston, Texas, on this 18th day of March, 2019.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE